Luis GONZALEZ

v.

**Patricia Roberts HARRIS, Secretary of Health, Education and Welfare.**

Civ. A. No. 79–3575.

United States District Court,
E. D. Pennsylvania.

May 2, 1980.

Dana M. Breslin, Delaware County Legal Assistance, Chester, Pa., for plaintiff.

Thea Duell, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## ORDER

JOSEPH S. LORD, III, Chief Judge.

Now, this 2nd day of May, 1980, after careful and independent consideration of the cross–motions for summary judgment, and after review of the entire administrative record, and the Report and Recommendation of the United States Magistrate, IT IS ORDERED that:

1. The Report and Recommendation is Approved and Adopted as the Opinion of the Court.

2. The plaintiff's motion for summary judgment is GRANTED.

3. The Secretary's motion for summary judgment is DENIED.

4. The decision of the Secretary is REVERSED and the judgment is entered in favor of the plaintiff.

5. This matter is REMANDED to the Secretary for an award and calculation of benefits to the plaintiff.

## REPORT–RECOMMENDATION

April 21, 1980.

RICHARD A. POWERS, III, United States Magistrate.

This is an appeal from a denial of the plaintiff's claim for Social Security and Supplemental Income Disability payments.

The plaintiff is a forty–five (45) year old male who attended school for only one (1) year, speaks only Spanish, and cannot read or write in either Spanish or English. His only work experience has been as an unskilled agricultural worker.

Plaintiff filed a claim for disability on April 17, 1978, claiming that he had been disabled since March, 1978 because of diabetes, blackout spells, and numbness and pain in his arms and legs. On June 7, 1978, plaintiff was given notice that his claim had not been approved. On June 26, 1978, plaintiff requested reconsideration of his claim, but on September 7, 1978 the Social Security Administration found that the previous determination denying plaintiff's claim had been proper under the law. Plaintiff then filed a timely request for a hearing before an Administrative Law Judge (ALJ). The hearing was held on April 6, 1979 and May 30, 1979. On June 29, 1979 plaintiff was notified that his claim had again been denied. Plaintiff filed a timely request to the Appeals Council for review of the ALJ's decision. On August 2, 1979, the Appeals Council notified plaintiff that the ALJ's decision was correct and stood as the final decision of the Secretary of Health, Education and Welfare.

At the hearing, plaintiff testified that he is seeing his doctor once or twice a week, and is taking medication. Tr. 32. Although he could lift ten (10) to fifteen (15) pounds, he stated that he could not carry it very far. Tr. 38. Plaintiff is basically restricted to his home.[1] He cannot walk very far (tr. 27), walking only to a church which is a block away twice a week. Tr. 36. He cannot drive (tr. 40), and cannot take public transportation due to his inability to walk very far and his inability to read any of the signs in English or Spanish. Tr. 27.

There is ample evidence of plaintiff's being treated for diabetes since 1967 and for dizziness and fainting spells since 1978. Plaintiff also testified that his legs become

---

1. Plaintiff also must be assisted by his wife when he takes a bath because of the possibility of his experiencing a fainting spell. Tr. 37.

numb when he stands (tr. 37–38); his hips and legs hurt when he sits (tr. 38); his side hurts (tr. 40); he falls from fainting (tr. 41); his memory is poor (tr. 42); and he sleeps poorly (tr. 40). Plaintiff's physician has concluded that he is not able to work. Tr. 114.

The ALJ very mechanically applied Regulation 404.1513, Rule 201.23, table 1 of Appendix 2, Subpart P, Regulation No. 4 and Regulation 416.913, Rule 201.23, table 1 of Appendix 2, Subpart I, Regulation No. 16, Title 20 C.F.R. 404.1513 and 416.913 in finding that plaintiff was "not disabled." Both of these regulations provide, however, that a finding of "disabled" is not precluded in the plaintiff's category for an individual who does not meet *all* of the criteria of a specific rule, and who does not have the ability to perform a full range of sedentary work. In this case, due to the inability of the plaintiff to travel, he cannot perform the full range of work defined as sedentary. This is a subjective test as opposed to an objective or "general person" test as applied by the ALJ.

■ The plaintiff established a *prima facie* case of disability in that he could not perform his prior work. The plaintiff's physician stated that he could not work, and the one–time examining physician for the Secretary made no conclusion whatsoever on the question of whether plaintiff could work. When there is evidence of an expert medical opinion of the treating physician that the plaintiff is unable to work, a contrary finding by an ALJ in the absence of conflicting medical opinion is in the realm of speculation. *Walston v. Gardner*, 381 F.2d 580 (6th Cir. 1967). Once the plaintiff made a *prima facie* case of disability with his physician's testimony, in order to rebut this evidence there must be expert medical opinion as to whether or not the plaintiff is capable of working and as to what he can do. *Dobrowolsky v. Califano*, 606 F.2d 403 (3d Cir. 1979); *Rossi v. Califano*, 602 F.2d 55 (3d Cir. 1979). Not only did the ALJ substitute his own opinion for that of a qualified physician, but no vocational expert was ever called to testify in this case. Where the plaintiff testifies that he cannot do his former work, the burden of producing a vocational expert must rest with the ALJ, and is essential to support the affirmance of the ALJ's findings. *Garrett v. Richardson*, 471 F.2d 598 (8th Cir. 1972). In this case, the only competent medical testimony which goes directly to the question of the plaintiff's capacity to work is to the effect that he cannot work at all.

■ While the ALJ found that the plaintiff showed no distress at the hearing, he makes no mention of the fact that at the end of the hearing the plaintiff asked if he could take a pill. Tr. 40. In addition, there was no finding of fact as to the effect of the plaintiff's pain, which even unaccompanied by objectively observable symptoms may nevertheless be very real and intense as to be disabling and will support a claim for disability benefits. *Bittel v. Richardson*, 441 F.2d 1193 (3d Cir. 1971).

■ The Secretary has failed to carry her burden of proof and there is no substantial evidence of the possibility of alternative employment. *Rossi v. Califano, supra*, 602 F.2d at 59.

Accordingly, we make the following

### RECOMMENDATION

Now, this 21st day of April, 1980, IT IS RESPECTFULLY RECOMMENDED that the plaintiff's motion for summary judgment should be GRANTED, and the Secretary's motion for summary judgment should be DENIED.