Ronald H. STOUT, Plaintiff,

v.

Richard S. SCHWEIKER,[1] Secretary of Health and Human Services, Defendant.

Civ. A. No. 8L–47.

United States District Court, W. D. Pennsylvania.

May 15, 1981.

[1] This action originally named Secretary Harris as the defendant. With the recent change in administrations Secretary Harris has been succeeded by Secretary Schweiker. It is appropriate to substitute Secretary Schweiker as the named defendant. No further action need be taken to continue this suit, 42 U.S.C. § 405(g).

Joseph S. D. Christof, II, Larry A. Silverman, Dickie, McCamey & Chilcote, Pittsburgh, Pa., for plaintiff.

Craig R. McKay, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

TEITLEBAUM, District Judge.

The instant action was brought by the plaintiff under section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain review of the Secretary's final decision denying the plaintiff's claim for disability. For the reasons set forth below the decision of the Secretary will be affirmed.

On August 4, 1979, the plaintiff filed an application for disability insurance benefits in which he alleged he had become disabled on July 3, 1978 by back problems. On June 3, 1980, a hearing on plaintiff's claim was held before an administrative law judge (ALJ). In a decision issued on September 20, 1980, the ALJ concluded that "[t]he claimant does not have any impairment or impairments which have prevented him from performing work at a level of at least sedentary work for a period of 12 consecutive months." (R. pg 8). Action by the Appeals Council on plaintiff's request for review caused the decision of the ALJ to become the final decision of the Secretary on November 10, 1980. This action was brought on January 9, 1981, and cross motions for summary judgment are now pending.

In considering the motions now pending the Court is limited to determining whether the Secretary's factual determinations are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Court does not try the matter *de novo*, reweigh the evidence or substitute its judgment for that of the Secretary. Initially to establish disability a plaintiff must establish by medical evidence he is unable to return to his former occupation, *Dobrowolsky v. Califano*, 606 F.2d 403 (3rd Cir. 1979). Once a claimant shows his inability to perform his usual task, the burden shifts to the Secretary to prove there is some other work that the claimant could perform, *Chicager v. Califano*, 574 F.2d 161 (3rd Cir. 1978).

In the instant case, the plaintiff concedes that there is substantial evidence to support the ALJ's finding of no disability from July of 1978 until July of 1979, Brief of Plaintiff at 3. However, the plaintiff contends that for the period July of 1979 through the date of the ALJ's decision, the medical evidence can support no conclusion but that the plaintiff was disabled. The plaintiff also contests the ALJ's finding that he could perform sedentary work. The plaintiff argues that the Secretary's failure to call a vocational expert to testify to the existence of other jobs in the national economy which the plaintiff could perform creates a lack of substantial evidence in the record for the finding that the plaintiff could perform work other than his prior occupation.

Once the plaintiff conclusively proves an inability to perform past work due to an impairment, the Secretary has an obligation to demonstrate that the plaintiff has the functional and vocational capacity to perform other work that exists in the national economy. *Chicager v. Califano*, 574 F.2d 161 (3rd Cir. 1978). While the Secretary formerly called a vocational expert to testify in every case to meet this burden, the Secretary has recently promulgated medical-vocational regulations which

obviate the need for a vocational expert in most cases. *Stallings v. Harris*, 493 F.Supp. 956 (W.D.Tenn.), *Boyce v. Harris*, 492 F.Supp. 751 (D.S.C.1980). The regulations take administrative notice of the existence of reliable job information. 20 C.F.R. § 404.1566(d). That job information has been used to compile major functional and vocational patterns reflecting appropriate criteria for evaluating whether an individual is disabled. See 20 C.F.R. § 404.1569 and Subpart P Appendices I and II following 20 C.F.R. § 404.1501–404.1598. These regulations satisfy the Secretary's burden in most cases. 20 C.F.R. § 404.1569. It is possible for a claimant to present additional evidence to rebut presumption in the regulations, and in such a case the rules may be inapplicable. *Id. See* also, *e. g., Gonzalez v. Harris*, 496 F.Supp. 1014 (E.D.Pa.1980). In the instant case, there has been no suggestion that the plaintiff was not within one of the major functional and vocational patterns and his claim that substantial evidence is lacking therefore must be rejected.

The plaintiff also claims that the medical evidence cannot support a finding of no disability. The medical evidence establishes that in July of 1979 the plaintiff was placed in a body cast to relieve lower back pain. In October of 1979 the plaintiff underwent surgery to remedy his back difficulties for the third time. In March and April of 1980 plaintiff's treating physician noted that the plaintiff's early healing from surgery was good but that the plaintiff remained in too much pain to return to work.

On June 3, 1980, the plaintiff appeared in person before the ALJ. The plaintiff testified that he suffered from back pain. He also testified that he wore a back brace. However, the plaintiff, though he claimed to have had only one brace for two years, was unable to display any signs of wear on the brace. This testimony combined with an opinion of Dr. Burns, in 1978, that plaintiff did not wear a brace then although it was recommended, and the plaintiff's own testimony that he could try a job as a watchman or light assembly worker support the ALJ's rejection of plaintiff's complaints of pain. This finding is buttressed by the ALJ's personal observation of the plaintiff's ability to fidget and move around.

Moreover on July 7, 1980, the plaintiff was examined by Dr. Opida on behalf of the Social Security Administration. Dr. Opida confirmed the plaintiff's subjective complaints of back pain and considered the plaintiff's physical capacity to perform certain tasks. Dr. Opida found that plaintiff could sit four hours, stand two hours and walk two hours in an eight hour working day. The physician also indicated that plaintiff could frequently lift up to 25 pounds, had the ability to perform fine manipulation with his hands and could use both feet to operate foot pedals.

Plaintiff's treating physician examined the plaintiff on July 29, 1980. After this examination the physician stated, "he [the plaintiff] has had increased mechanical low back pain," and went on to recommend plaintiff again be placed in a body cast. (R. pg 243).

 There is substantial evidence that at least from June 3, 1980 to July 8, 1980, the plaintiff could have performed sedentary work. This finding precludes the plaintiff from establishing that he had an impairment for 12 continuous months. The treating physician's report based on the July 29, 1980 examination is not inconsistent with this finding since the doctor stated, "he has had increased ... pain ...." For the foregoing reasons the decision of the Secretary must be affirmed.

An appropriate order will issue.