**Gordon BROWN, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**No. 82 Civ. 6044 (JES).**

United States District Court, S.D. New York.

May 25, 1984.

Meltzer & Fishman, New York City, for plaintiff; Stanley F. Meltzer, New York

City, of counsel; Michael T. Lamb, New York City, on brief.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for defendant; Susan Millington Campbell, Asst. U.S. Atty., New York City, of counsel.

## OPINION & ORDER

SPRIZZO, District Judge:

Plaintiff, Gordon Brown, commenced this action pursuant to section 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g) (Supp. V 1981), seeking review of a final determination of the Secretary of Health and Human Services ("the Secretary") denying in part plaintiff's application for disability insurance benefits.

Plaintiff filed his application for benefits on February 6, 1981. The Secretary denied his claim both initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ heard the case *de novo* and found that plaintiff was disabled within the meaning of the Act as of April 23, 1981.[1] When the Appeals Council denied plaintiff's request for review, the ALJ's decision became the Secretary's final determination. Plaintiff commenced this action on September 10, 1982, appealing from the ALJ's determination that the onset date of disability was April 23, 1981.

Both parties moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). The case was referred to Magistrate Kent Sinclair for his review and recommendation pursuant to 28 U.S.C. § 636(b) (1982). Magistrate Sinclair issued a report recommending that defendant's motion be granted and plaintiff's motion be denied. Plain-

tiff has submitted written objections to the Magistrate's report. This Court must therefore make a *de novo* determination of those aspects of the Magistrate's report to which objection has been made. 28 U.S.C. § 636(b)(1)(C).

## BACKGROUND

*Legal Standards*

Under the Act, a claimant is not entitled to disability benefits unless his health is so impaired that he is unable to perform either his previous job or any other substantial work that exists in the economy. 42 U.S.C. § 423(d)(2)(A) (1976); *see Bluvband v. Heckler*, 730 F.2d 886 at 890 (2d Cir. 1984); *Rivera v. Schweiker*, 717 F.2d 719, 722 (2d Cir.1983).[2]

In evaluating disability claims, the Secretary employs a five step sequential analysis:

First, the Secretary considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the Secretary next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the Secretary will consider him disabled without considering vocational factors such as age, education, and work experience; the Secretary presumes that a claimant who is afflicted with a "listed" impairment is

---

1. The Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (1976 & Supp. V 1981).

2. Section 423(d)(2)(A) provides that:
   [A]n individual ... shall be determined to be under a disability only if his physical or men-

tal impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the Secretary then determines whether there is other work which the claimant could perform. *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir.1982) (per curiam); *see* 20 C.F.R. §§ 404.1520, 416.920 (1983).[3]

█ In determining whether a claimant is disabled, the Secretary must apply the factors identified by Congress in section 423(d)(2)(A)—age, education, physical ability, and work experience. *Campbell v. Heckler*, 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983); *Ferraris v. Heckler*, 728 F.2d 582 at 858 (2d Cir.1984). In assessing physical ability, or "residual work capacity," the Secretary must consider: (1) objective medical facts; (2) diagnoses and medical opinions based on those facts; and (3) subjective evidence of pain or disability testified to by the claimant or others. *Ferraris v. Heckler*, at 585; *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir.1983); *Carroll v. Secretary of Health and Human Services*, 705 F.2d 638, 642 (2d Cir.1983); *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980).

█ On review, the Secretary's determination that a claimant is not disabled is conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); *Donato v. Secretary of Dept. of Health and Human Services*, 721 F.2d 414, 418 (2d Cir.1983); *Rivera v. Schweiker*, 717 F.2d at 723. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305

U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)).

## Determination of the ALJ

Plaintiff suffered back injuries in an automobile accident on October 10, 1979 while on duty as a detective in the New York City Police Department. He argues that he was disabled as of that date; the ALJ, however, determined that plaintiff was not disabled within the meaning of the Act until April 23, 1981.

In concluding that plaintiff was disabled as of April 23, 1981, the ALJ applied the sequential evaluation process described above. *See* 20 C.F.R. §§ 404.1520, 416.920. He determined that plaintiff had an impairment lasting or expected to last twelve months, that the impairment significantly limited plaintiff's ability to work, that plaintiff's impairment did not equal a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1, Part A, and that plaintiff was unable to return to his past work. Decision of the ALJ ("Decision") at 13; *see* 20 C.F.R. § 404.1520(b)–(e). The ALJ next considered plaintiff's medical and vocational characteristics—i.e., age, education, physical and mental abilities, and work experience—and found that, as of April 23, 1981, plaintiff was unable to perform any work existing in the national economy and was thus eligible for benefits as of that date. Decision at 13; *see* 20 C.F.R. § 404.-1520(f).

With respect to the period *prior* to April 23, 1981, the ALJ did not make explicit findings on each of the steps in the sequential evaluation process. His denial of benefits, however, was clearly based on a step five determination in that he concluded that plaintiff, although unable to return to his past "strenuous" work as a police officer, was able to perform sedentary work prior to April 23, 1981. Decision at 13.

Magistrate Sinclair concluded that the ALJ had carefully considered the relevant

---

**3.** The burden of proving the first four steps is on the claimant; the burden of proving the fifth step is on the Secretary. *E.g., Rivera v. Schweiker*, 717 F.2d 719, 722–23 (2d Cir.1983);

*Carroll v. Secretary of Health and Human Services*, 705 F.2d 638, 642 (2d Cir.1983); *see Parker v. Harris*, 626 F.2d 225, 231 (2d Cir.1980).

evidence and that his determination that plaintiff was not disabled within the meaning of the Act prior to April 23, 1981 was supported by substantial evidence.[4] Magistrate's Report at 11.

## DISCUSSION

In his objections to the Magistrate's report, plaintiff argues that there is insufficient evidence to support the ALJ's determination that plaintiff could perform sedentary work prior to April 23, 1981. Memorandum of Law in Support of Plaintiff's Objections to the Recommended Decision of the Magistrate at 12. He contends that the Secretary must, in evaluating a claimant's ability to perform sedentary work, "make findings as to what particular functions a claimant can perform and relate those capabilities to the definition of sedentary work."[5] *Id.*

Since the ALJ's denial of benefits for the period prior to April 23, 1981 was a step five determination under the sequential evaluation process described above, the Secretary was under a burden to produce evidence of the existence of alternative substantial gainful work existing in the national economy which claimant could perform. *Parker v. Harris,* 626 F.2d 225, 231 (2d Cir.1980). Specifically, the Secretary was required to show:

First, ... that the claimant's impairment is of a kind that still permits certain types of activity, such as lifting or walking, necessary for other occupations, and that the claimant's experience involves

skills transferable to other work. Second, the Secretary must present evidence showing the existence of specific types of jobs, available in the national economy, suitable for a claimant with these capabilities and skills.

*Carroll v. Secretary of Health and Human Services,* 705 F.2d 638, 642 (2d Cir. 1983) (quoting *Decker v. Harris,* 647 F.2d 291, 294 (2d Cir.1981); *see also Kerner v. Flemming,* 283 F.2d 916, 921 (2d Cir.1960).

On the record presently before this Court, it is impossible to determine whether the Secretary's conclusion that plaintiff was not disabled prior to April 23, 1981 is supported by substantial evidence. The ALJ was required to make specific findings describing the physical activities of which plaintiff was capable or, in other words, his residual work capacity. *Ferraris v. Heckler,* 728 F.2d 582, 585 (2d Cir.1984); *Deutsch v. Harris,* 511 F.Supp. 244, 249 (S.D.N.Y.1981). He did not do so; instead, the ALJ merely indicated, in a conclusory statement, that plaintiff was capable of performing sedentary work. Decision at 13; *see Deutsch,* 511 F.Supp. at 249. Specifically, the ALJ failed to make any finding as to whether plaintiff could sit for the long periods of time required for sedentary work.[6]

In view of the insufficiency of the ALJ's findings, the Court must remand this action to the Secretary. In such circumstances, the Second Circuit has directed that:

On remand, the ALJ should make specific findings of exactly what [plaintiff] can

---

**4.** Although there is some suggestion in the Magistrate's report that plaintiff's disability may have been merely temporary prior to April 23, 1981, *see* Report at 10, it is clear that the ALJ's decision was predicated on a step five analysis in that he concluded that plaintiff was able to engage in sedentary work. It is that decision which the Magistrate found to be supported by substantial evidence.

**5.** Sedentary work is defined as follows:
Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in

carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.
20 C.F.R. § 404.1567(a) (1983).

**6.** In a recent Ruling, the Secretary suggests that sedentary work will generally involve sitting for six hours out of an eight hour work day. SSR 83–10, *Titles II and XVI: Determining Capability to do Other Work—The Medical-Vocational Rules of Appendix 2,* [Feb. 1983-Dec. 1983 Transfer Binder] Unempl.Ins.Rep. (CCH) ¶ 14,531, at 1999–19 (January 1983); *see also Wright v. Secretary of the Department of Health and Human Services,* No. Civ. 81–3963 (E.D.N.Y. July 6, 1983).

do, especially with reference to his ability to sit and for how long. The ALJ then should determine, based on such specific findings, whether [plaintiff] has the residual functional capacity to perform sedentary work, bearing in mind what has developed as the concept of sedentary work.

*Ferraris,* at 587 (footnote omitted).

In addition to making the required findings, the ALJ should also conduct another hearing to develop more evidence concerning plaintiff's ability to do sedentary work prior to April 23, 1981. *See Deutsch,* 511 F.Supp. at 247; *cf. Ferraris,* at 588 n. 4. The record on that issue is wholly inadequate and constitutes an additional reason why this Court cannot properly assess whether the ALJ's determination was supported by substantial evidence.[7] Before the ALJ can make sufficient findings on plaintiff's residual functional capacity, he must have before him evidence regarding the physical activities of which plaintiff was capable prior to April 23, 1981—most importantly, his ability to sit for long periods of time. *See Wright v. Secretary of the Department of Health and Human Services,* No. Civ. 81–3963 (E.D.N.Y. July 6, 1983), *cited in Ferraris,* at 587 n. 3; *Essig v. Secretary of Health and Human Services,* 531 F.Supp. 55, 57–58 (E.D.N.Y. 1981).

### CONCLUSION

The defendant's motion for judgment on the pleadings is denied; plaintiff's motion for judgment on the pleadings is denied except to the extent that this action is remanded to the Secretary for further proceedings. The United States Attorney shall report the outcome of the remanded proceedings to this Court within thirty days of their completion.[8]

It is SO ORDERED.

**7.** None of the medical reports submitted to the ALJ discuss plaintiff's physical ability in terms of the criteria set forth in the definition of sedentary work. *See supra* note 5.

**8.** Since the Court has rejected Magistrate Sinclair's conclusion that the Secretary's decision was supported by substantial evidence and has remanded for further proceedings, it is unnecessary to address plaintiff's other objections to the Magistrate's report.