**Ida Mae WOOTEN**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services.**

Civ. A. No. 84–5751.

United States District Court,
E.D. Pennsylvania.

Jan. 24, 1986.

Norman Weinstein, Philadelphia, Pa., for plaintiff.

Edward S.G. Dennis, Jr., U.S. Atty., Joan Garner, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the court are cross-motions for summary judgment, both raising the issue of whether the decision of the Secretary of Health and Human Services ("Secretary") that plaintiff was not entitled to disability insurance benefits, supplemental security income or widow's insurance benefits is supported by substantial evidence. For the reasons stated below, both parties' motions will be denied and the case will be remanded for further proceedings.

Plaintiff, Ida Moore Wooten, is a fifty-eight year old female who has completed the eleventh grade. She is the widow of a wage earner, Willie Wooten, who died fully insured on May 25, 1983. The plaintiff's past work experience has been as a supervisory housekeeper and a nurse's aide. On July 26, 1983, plaintiff filed for widow's insurance benefits, disability insurance benefits and on July 28, 1983, filed for supplemental security income benefits alleging an onset of disability as of July 13, 1983. After denial of her claims initially and upon reconsideration, plaintiff requested and was granted a *de novo* hearing before an Administrative Law Judge ("ALJ"). On September 11, 1984, the ALJ entered a decision denying the plaintiff any benefits.

This decision became the final decision of the Secretary after it was affirmed by the Appeals Council. Plaintiff properly appealed to this court pursuant to 42 U.S.C. § 405(g).

By statute, the district court's review of this case is limited to the question of whether the Secretary's decision is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Substantial evidence is more than a mere scintilla, but may be somewhat less than a preponderance. *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir.1979).

In order to qualify for widow's benefits plaintiff must establish that she has a physical or mental impairment equivalent to those set forth in Appendix I. 20 C.F.R. §§ 404.1577 and 404.1578. The ALJ found that plaintiff had no impairment described in Appendix I, nor any impairment or combination of impairments of equivalent severity.

■ The burden of establishing an Appendix I impairment is on the claimant. Substantial evidence exists to support the ALJ's finding that plaintiff failed to present significant clinical evidence of endocrine or cardiovascular impairments which meet or equal the severity of any impairments contained in Appendix I. Substantial evidence does not exist, however, to support the ALJ's finding that plaintiff did not have a mental impairment meeting or equivalent to Appendix I, § 12.03, dealing with functional psychotic disorders. It is unclear whether the ALJ even considered this impairment as it related to plaintiff's claim for widow's benefits.

■ The only doctor who did a psychological evaluation of plaintiff was Dr. Polak who concluded that plaintiff suffered from significant depression and that she would have difficulty tolerating day to day work pressures and, at best, could only follow simple directions and perform simple repet-

itive tasks, although at a slow rate. Despite Dr. Polak's conclusions, and without any medical evidence in support thereof, the ALJ concluded that plaintiff's depression was not severe enough to significantly interfere with her ability to do "ordinary domestic housework." The ALJ dismissed Dr. Polak's findings as being "overly pessimistic" primarily due to the plaintiff's unwillingness to cooperate with Dr. Polak. Dr. Polak's medical report states, however, that plaintiff "was quite cooperative ... and allowed the testing circumstances to proceed as easily as possible." The ALJ cannot set his or her own expertise against that of an examining doctor. *Gober v. Mathews*, 574 F.2d 772, 777 (3d Cir.1978). Nor can the ALJ reject medical evidence for no reason or the wrong reason. *Cotter v. Harris*, 642 F.2d 700 (3d Cir.1981).

■ Since it is not clear whether the ALJ even considered a psychotic functional disorder impairment in denying plaintiff widow's benefits, and even if he did consider such an impairment, gave inadequate consideration of Dr. Polak's report and conclusions, the court will remand plaintiff's widow's benefits claim to allow the ALJ an opportunity to determine whether, based solely on the clinical evidence before him, plaintiff is suffering a psychotic functional disorder of such severity as to meet or equal Appendix I, § 12.03. In light of the time which has passed since Dr. Polak's psychological examination, further psychological or psychiatric examination of the plaintiff may be necessary.

■ In reaching his decision with respect to plaintiff's claims for disability insurance and supplemental security income benefits, the ALJ reached the fourth step of the five step medical-vocational sequential evaluation regulations, 20 C.F.R. §§ 404.1520 and 416.920, finding that plaintiff could perform her past relevant work as a housekeeper. This conclusion is not supported by substantial evidence.

■ Under the Social Security Act, it is the claimant's burden to prove inability to return to past employment. *Ferguson v.*

*Schweiker*, 765 F.2d 31, 36 (3d Cir.1985). Plaintiff testified at the hearing before the ALJ that her problems included diabetes, low back pain, pain shooting down her leg, chest pain, hypertension, high blood pressure and heart palpatations. She stated that she periodically suffers black-outs, cannot stand for more than five minutes without her leg giving way and causing back pain, and has difficulty sitting, walking and climbing steps. Mrs. Buckley, a friend of plaintiff's and with whom plaintiff resides, testified that plaintiff often needed help to move about the house, going to the bathroom and taking showers.

Concerning her past relevant employment, plaintiff testified that her last job was as a nurse's aide, which involved being on her feet all through her shift and often lifting up to fifty (50) pounds. Prior to her position as a nurse's aide, she was a supervisor-trainee for housekeeping services at a hospital which involved being on her feet most of the day, teaching, lifting heavy equipment and demonstrating techniques involved in cleaning.

Dr. Lucus, plaintiff's treating physician, diagnosed plaintiff as having chronic hypertensive arteriosclerotic heart disease, liable hypertension with episodes of angina and tachycardia, chronic unstable diabetes mellitus and chronic recurrent low back syndrome. Dr. Lucus concluded that plaintiff was unable to resume her previous work and that her prognosis for work rehabilitation was poor.

As previously discussed, Dr. Polak concluded that due to her significant depression plaintiff would have difficulty handling day to day work pressures and could only perform the most rudimentary tasks. Nothing in the record directly contradicts either Dr. Lucus' or Dr. Polak's conclusions.

■ When a claimant for Social Security and Supplemental Income benefits testifies that she cannot do her former work, the burden of producing a vocational expert must rest with the ALJ, and production of such an expert is essential to support affirmance of the ALJ's findings.

*Gonzalez v. Harris,* 496 F.Supp. 1014, 1016 (E.D.Pa.1980). When evidence reflects an expert medical opinion by the claimant's treating physician that the claimant is unable to work, a contrary finding by an ALJ in the absence of conflicting medical opinion is in the realm of speculation. *Id.*

In the present case, all the medical opinion evidence suggests that plaintiff cannot return to her former employment as either a nurse's aide or a housekeeper. Plaintiff has satisfied her burden. The ALJ's conclusion that plaintiff's limitations (physical and mental) do not preclude her from performing her past relevant work as a housekeeper is not supported by substantial evidence. Consequently, plaintiff's request for disability benefits and supplemental security income will be remanded to allow the ALJ to consider and determine whether plaintiff can perform any other work, pursuant to 20 C.F.R. § 404.1520(f). The burden now shifts to the Secretary to show that there are jobs in the national economy which plaintiff can perform. *Rossi v. Califano,* 602 F.2d 55 (3d Cir.1975).

An appropriate Order will be entered.