**Tony MOGUEZ, Plaintiff,**

v.

**Patricia Roberts HARRIS, Secretary of Health and Human Services, Defendant.**

Civ. A. No. 80–A–170.

United States District Court, D. Colorado.

Oct. 20, 1980.

Vernon P. Playton, Denver, Colo., for plaintiff.

Roland J. Brumbaugh, Asst. U. S. Atty., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

ARRAJ, District Judge.

This action was brought under 42 U.S.C. § 405(g) to review a decision of the Secretary of Health and Human Services denying the plaintiff a period of disability and disability insurance benefits under 42 U.S.C. § 401 *et seq.* After plaintiff's applications for benefits were denied, the Administrative Law Judge (ALJ) held a hearing on May 8, 1979. In a decision dated July 31, 1979, the ALJ determined that the plaintiff was not disabled. The Appeals

Council affirmed the ALJ's decision on August 29, 1979. After this action was commenced on February 7, 1980, this matter was remanded to the Secretary at her request for further action pursuant to 42 U.S.C. § 405(g). The Appeals Council again affirmed the decision of the ALJ on July 8, 1980.

The decision of the Secretary became final when the Appeals Council affirmed the ALJ's decision. The record and briefs are before the court, and the determination of the Secretary is ready for my review. The Secretary's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); *Johnson v. Finch*, 437 F.2d 1321 (10th Cir. 1971).

Plaintiff's application for a period of disability and disability insurance benefits was based on a lower back injury sustained by the plaintiff while operating a jack hammer at work. The record indicates that the plaintiff sustained a low back strain superimposed on a preexisting spondylolisthesis at L5–S1. Plaintiff's extreme obesity aggravates his back strain and makes him a poor risk for surgery. This back injury causes the plaintiff severe pain, especially when bending or stooping or engaged in heavy lifting. The ALJ found the plaintiff's medical impairments to be severe and concluded that he is not able to lift any weights over 20 pounds or to do any bending or stooping. He is also unable to walk long distances or to stand for prolonged periods of time.

The plaintiff was born on July 9, 1942, and was 34 years old when he was injured. He has only a ninth grade education and studied automobile body repair at a vocational school for six months. All of the plaintiff's work experience has been semi-skilled or unskilled heavy labor. At the time of the administrative hearing, the plaintiff was not engaged in any gainful activity.

The ALJ determined that the plaintiff has the residual functional capacity of a maximum sustained work capability limited to sedentary work that involves the ability to alternate sitting and standing as required. Applying the Secretary's recently promulgated Medical-Vocational Guidelines, 20 C.F.R. §§ 404.1503–404.1513, the ALJ found that a factual conclusion of not disabled was required.

The plaintiff contends that the ALJ improperly used the new regulations and made findings contrary to the evidence by assuming facts not in the record, and consequently, failed to have sufficient evidence to reach his conclusion. The burden of proving his entitlement to disability insurance benefits rests upon the plaintiff. *Johnson v. Finch, supra.* However, since the ALJ found that the plaintiff could not engage in his former work, the burden of proof shifted to the Secretary to show that there is another type of substantial gainful employment which the plaintiff could perform. *Sanchez v. Califano*, No. 77–1900 (Unpubl. 10th Cir. 1979).

I find that the final decision of the Secretary in this case is unsupported by substantial evidence and remand this matter to the Secretary for the purpose of making a proper reviewable finding with respect to the plaintiff's ability to engage in substantial gainful employment. The ALJ's findings in regard to the plaintiff's residual functional capacity are insufficient because there is no way for the court to determine on the present findings if the decision that the plaintiff can engage in sedentary work is supported by substantial evidence. The ALJ has only determined that the claimant cannot do certain activities. There is no finding that the claimant can perform any particular functions and no attempt to relate the claimant's physical capabilities to the definition of sedentary work. Although the ALJ may have considered the evidence and properly concluded that the plaintiff's maximum sustained work capability is limited to sedentary work, he failed to properly consider if the plaintiff has the *minimum* sustained work capability to engage in sedentary work. Therefore, on remand the ALJ should take further evidence and make specific findings of fact or make specific findings from the record as it exists relating to his conclusion

that the plaintiff has the residual functional capacity for sedentary work.

The ALJ has also improperly applied the new Medical-Vocational Guidelines to find other substantial gainful employment in the national economy which the plaintiff could perform. One purpose of the new regulations "is to allow the Secretary to decide cases more promptly and without the necessity of hearing from a vocational expert in every case in which the claimant cannot return to former employment because of physical limitations." *Boyce v. Harris*, 492 F.Supp. 751, 752 (D.S.C.1980). Plaintiff does not dispute the legality of the regulations, nor their applicability to the plaintiff, and in any event, I find that the new regulations are valid and within the Secretary's statutory responsibility under 42 U.S.C. § 405(a). *Stallings v. Harris*, 493 F.Supp. 956 (W.D.Tenn.1980); *Phillips v. Harris*, 488 F.Supp. 1161 (W.D.Va.1980). In promulgating these regulations, the Secretary took administrative notice that there are sedentary jobs in the national economy for persons whose vocational factors and residual functional capacity coincide with all of the criteria of a particular rule. 20 C.F.R. § 404.1513, App. II, Rule 200.00(b); *Boyce v. Harris, supra.* There is no indication, however, that the Secretary took administrative notice that jobs exist in the national economy which the plaintiff, given his physical limitations, could perform.

The ALJ determined that "the claimant could perform sedentary work that involves the ability to alternate sitting and standing as required." He also found that the claimant is not able to do any bending or stooping.

*Sedentary work.* Sedentary work entails lifting 10 pounds maximum and occasionally lifting or carrying such articles as dockets (E. g., files), ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1510(b). This category of work does not necessarily include occupations which allow a worker to alternate sitting and standing as required for his comfort or jobs that require no stooping or bending.

The ALJ applied Rule 201.25 of Table No. 1, Appendix II, Subpart P to the factors in this case and determined that the rules required him to find the plaintiff not disabled. Table No. 1 pertains to persons with a residual functional capacity limited to sedentary work. The Secretary's new Medical-Vocational Guidelines can be applied only when all factors coincide with the criteria of a rule. "However, the existence of such jobs for individuals whose remaining functional capacity or other factors do not coincide with the criteria of a rule must be further considered in terms of what kinds of jobs or types of work may be either additionally indicated or precluded." 20 C.F.R. § 404.1513, Rule 200.00(c), Appendix II. The ALJ determined that the claimant could perform sedentary work which accommodates his additional functional restrictions. Since the ALJ has found that the plaintiff's remaining functional capacity does not coincide with the criteria for the rules in Table No. 1, "the rule does not apply in that particular case and, accordingly, does not direct a conclusion of disabled or not disabled." 20 C.F.R. § 404.1513, Rule 200.00(b), Appendix II. Therefore, the ALJ was incorrect in finding that the rules required him to find the plaintiff not disabled.

In any case where a rule does not apply, the ALJ is required to give full consideration to all of the relevant facts of the case. I do not hold that a vocational expert must be called to testify every time it is determined that a claimant cannot return to his previous employment. But since the plaintiff's functional capacity does not coincide with criteria of Table No. 1, some vocational evidence in some form, including a description of the duties of specifically identifiable jobs, must be presented and matched to the individual claimant's age, education,

experience and functional restrictions. It may be proper for the ALJ to take administrative notice of jobs which the plaintiff has the ability to perform by examining a book containing job titles and descriptions and placing on the record the duties of specifically identified jobs. 20 C.F.R. § 404.-1509(c). In any event, the new regulations do not provide administrative notice that jobs exist in the national economy for a person with this claimant's functional restrictions.

■ The Secretary's new Medical-Vocational Guidelines can only be applied to find that substantial gainful activity exists in the national economy for a claimant when the claimant's residual functional capacity to perform a certain category of work is found to be virtually unrestricted. In this case the plaintiff was not found to be able to perform a full range of sedentary work. Therefore, the new regulations were improperly applied, and the final determination that the plaintiff can engage in substantial gainful employment which exists in the national economy is not supported by substantial evidence.

Accordingly, this case is remanded to the Secretary for further proceedings as may be consonant with this opinion.