William A. WARNER, Plaintiff,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.

No. C–79–2861 SAW.

United States District Court, N.D. California.

Feb. 28, 1983.

Alfred Lombardo, Rucka, O'Boyle & Lombardo, Salinas, Cal., for plaintiff.

Joseph P. Russoniello, U.S. Atty., Sandra L. Willis, Asst. U.S. Atty., San Francisco, Cal., for defendant.

## ORDER

WEIGEL, District Judge.

This matter is before the Court on cross motions for summary judgment. Plaintiff brought this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C.

§ 405(g). He seeks review of a final decision of defendant Secretary of Health and Human Services (the "Secretary"), denying his claim for disability insurance benefits and Supplemental Security Income (SSI).

Plaintiff has the initial burden of proving disability within the meaning of the Social Security Act. *See Hall v. Secretary of Health, Ed. & Welfare,* 602 F.2d 1372 (9th Cir.1979). A person is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or can be expected to last for a continuous period of not less than twelve (12) months." *See* 42 U.S.C. § 423(d)(1)(A).

■ Plaintiff has not discharged his burden of proving disability within the meaning of the Social Security Act. The central question regarding plaintiff's disability is his capacity to work an eight hour day at his former job. Although the record contains the reports of two doctors, it cannot be determined from the reports whether plaintiff can work an eight hour day at his former job. Because the reports are inconclusive, plaintiff has failed to prove his disability. Therefore, plaintiff's motion for summary judgment is denied.

■ Defendant is entitled to summary judgment only if there is substantial evidence to support the decision of the Secretary. *See Torske v. Richardson,* 484 F.2d 59, 60 (9th Cir.1973), *cert. denied,* 417 U.S. 933, 94 S.Ct. 2646, 41 L.Ed.2d 237 (1974). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *See Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

■ The Secretary's decision denying plaintiff's claim relied primarily on the reports of the two doctors contained in the record. For the reason stated above, these reports are unclear. The decision of the Secretary is thus not supported by substantial evidence. Therefore, defendant's motion for summary judgment is also denied.

■ The Court has the power to issue an order of remand even though the parties have requested only summary judgment. *See e.g., Davis v. Schweiker,* 536 F.Supp. 90, 91 (N.D.Cal.1982). After a careful review of the record, the Court has determined that further medical evidence is needed to resolve the question of plaintiff's disability. The Court deems it desirable that there be additional medical testimony taken on the question of plaintiff's ability to work an eight hour day at his former job. The Court also deems it advisable, as it noted in a prior order of remand, that this additional medical testimony be given in person at an administrative hearing.

The plaintiff, on this second time around, is entitled to prompt and careful reconsideration of his claim. Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion for summary judgment is denied.

IT IS FURTHER HEREBY ORDERED that defendant's motion for summary judgment is denied.

IT IS FURTHER HEREBY ORDERED that the case is remanded for the expeditious taking of additional medical testimony sufficient to resolve the question of plaintiff's disability.