James K. TOBIAS, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

No. C–83–4424–MHP.

United States District Court, N.D. California.

March 29, 1985.

Mary M. Burke, Burke & Daniels, Point Richmond, Cal., for plaintiff.

Joann Swanson, Asst. U.S. Atty., San Francisco, Cal., for defendant.

## AMENDED MEMORANDUM DECISION AND ORDER

PATEL, District Judge.

This is an action pursuant to § 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), for judicial review of a final decision of the Secretary of Health and Human Services ("HHS") denying plaintiff's claim for disability benefits. Plaintiff filed an application for disability insurance benefits on March 15, 1982, based on disabling symptoms stemming from an industrial back injury. Upon denial of benefits plaintiff filed for a hearing before an Administrative Law Judge ("ALJ"). After consideration of the evidence at the hearing, the ALJ determined that plaintiff was severely impaired, unable to perform his usual work but able to perform light work. Based on these findings and considering his age, education and work experience, plaintiff was found not disabled. The Appeals Council denied plaintiff's petition to have this decision reviewed.

The case is before this court on cross-motions for summary judgment and alternatively plaintiff moves for a remand. Having considered all the papers submitted by the parties and reviewed the record below, the court concludes that the decision of the ALJ is not supported by substantial evidence, and the motion of the plaintiff for remand must be granted.

*Background*

Plaintiff is a 52-year-old heavy truck driver and part-time custodian who suffered an industrial back injury on June 4, 1981. The record is undisputed that this injury resulted in a herniated disc at the L4–5 level. Despite recommendations for surgery, plaintiff refused. He did not return to any employment.

The record discloses that on August 8, 1981, Dr. Reiss examined plaintiff and found persistent low back pain with radiation into the buttocks and lower extremities which caused plaintiff to drag his left foot. Degenerative changes were noted but otherwise the findings were negative. On August 11, 1981, Dr. Powlan examined plaintiff and found an acute lumbar sprain and pain with mild radicular symptoms superimposed on degenerative changes. There was no sensory or motor deficit in the lower extremities but a one-inch discrepancy in calf circumference was noted. Tenderness and reduced flexion were noted but no spasms were mentioned.

On October 2, 1981, Dr. Reiss reexamined plaintiff and found inconsistent neurological signs with no atrophy. At Dr. Reiss' request, Dr. Chow performed a neurological examination on October 12, 1981. No muscle weakness or atrophy was found and conservative care was recommended. The prognosis was optimistic for a return to work in a few weeks.

On November 24, 1981, Dr. Harter found the reflexes normal, no atrophy, weakness or fasciculation. A sensory loss in the right foot was found but there was no mention of muscle spasms. Dr. Harter found plaintiff elaborated his symptoms but recommended a myelogram and CT scan. Both tests indicated a herniated disc. Plaintiff refused surgery, which resulted in Dr. Harter's final report on February 12, 1982. He restricted plaintiff from heavy lifting and prolonged standing and walking and stated the major ongoing treatment would be analgesics and muscle relaxants. The pain level was characterized as mild subjective pain with minimal objective findings.

Plaintiff began treatment with Dr. Hood in March 5, 1982. On physical examination, Dr. Hood found lumbar tenderness, limited motion and flexion, but essentially negative neurological findings. On July 29, 1982, Dr. Hood reported there was a spasm of the paralumbar muscles but the neurological exam remained essentially

normal (Plaintiff's Exhibit "I" at 2).[1] Additionally, there was no sensory loss in the right foot and no atrophy. He found plaintiff restricted to semisedentary work which permitted him to sit, stand or move at his will with no lifting or constant bending. On August 2, 1982, Dr. Hood felt plaintiff would never be employed again based on his severe back pain and lack of improvement.

On August 26, 1982, Dr. Malstrom examined plaintiff and found no spasm, tenderness or atrophy. While there was some sensory reduction in the right foot, the objective signs did not correlate well with the symptoms. He ordered plaintiff not to lift over 25 pounds, stoop, bend, pull, or push.

On August 30, 1982, Dr. Dorinson examined plaintiff and found a one-inch atrophy on the left calf with uncorrelated pain complaints on the right (Plaintiff's Exhibit "K" at 7). Plaintiff was precluded from heavy work and found to have slight pain in his lumbar area becoming slight to moderate on prolonged walking.

On January 30, 1984, Dr. Burke, a chiropractor, found pain, muscle weakness, atrophy, reflexes and positive neurological signs (Plaintiff's Exhibit "L" at 2). A thermogram was performed, confirming these findings.

*Discussion*

This court's review is limited to whether the decision of the Secretary is supported by "substantial evidence," or "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Harris,* 625 F.2d 311, 312 (9th Cir.1980). The court must consider the evidence that both supports and detracts from the Secretary's conclusion, and cannot affirm that conclusion "simply by isolating a specific quantum of support-ing evidence." *Day v. Weinberger,* 522 F.2d 1154, 1156 (9th Cir.1975).

"The Social Security Act defines 'disability' in terms of the effect a physical or mental impairment has on a person's ability to function in the work place." *Heckler v. Campbell,* 461 U.S. 458, 459–60, 103 S.Ct. 1952, 1953–54, 76 L.Ed.2d 66 (1983). The Act provides disability benefits only to those persons who are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The ultimate burden is on the plaintiff to prove that he or she is "disabled" within the statutory definition. *Harmon v. Finch,* 460 F.2d 1229, 1231 (9th Cir.), *cert. denied,* 409 U.S. 1063, 93 S.Ct. 571, 34 L.Ed.2d 516 (1972). The burden rests on a claimant to show that a physical or mental impairment exists which prevents the claimant from engaging in his or her previous occupation. *Hall v. Secretary of HEW,* 602 F.2d 1372, 1375 (9th Cir.1979). Once this threshold burden is satisfied, the burden then shifts to the Secretary to produce evidence which shows that, given the claimant's age, education, work experience and physical capacity, he or she can perform specified jobs in the national economy. *Id. See also Cox v. Califano,* 587 F.2d 988, 990 (9th Cir.1978); *Davis v. Schweiker,* 536 F.Supp. 90, 93 (N.D.Cal. 1982); *see generally* 20 C.F.R. § 404.1520 *et seq.* (1983). The ALJ is permitted to draw inferences, logically flowing from the evidence in reaching his findings, *Beane v. Richardson,* 457 F.2d 758, 759 (9th Cir.), *cert. denied,* 409 U.S. 859, 93 S.Ct. 144, 34 L.Ed.2d 105 (1972), and where the evidence is susceptible of more than one interpretation or is conflicting, the ALJ's decision

1. Those medical reports designated as "Plaintiff's Exhibits" were not presented to the ALJ. Some of them appear to have been before the Appeals Council; others are submitted for the first time on review to this court. They may be considered by this court solely for the purpose of considering remand and then only if the new evidence is relevant and probative and there is good cause for failure to present it at the hearing. *See Chaney v. Schweiker,* 659 F.2d 676 (5th Cir.1981).

must be upheld. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir.1971).

Plaintiff first alleges that the ALJ's failure to award disability was not based on substantial evidence and that the ALJ's decision failed to consider whether plaintiff is disabled as defined by 20 C.F.R. Subpart P, Appendix 1, § 1.05 C; § 404.1562; or Appendix 2, rule 201.09.

Section 1.05 C recognizes that certain disorders of the spine are so severe that they establish a *per se* disability. The provision refers to:

> Other vertebrogenic disorders (e.g., herniated nucleus pulposus ...) with the following persisting for at least 3 months despite prescribed therapy and expected to last 12 months. *With both 1 and 2:*
>
> 1. Pain, muscle spasm, *and* significant limitation of motion in the spine; *and*
>
> 2. Appropriate radicular distribution of significant motor loss *with* muscle weakness *and* sensory *and* reflex loss. (emphasis added)

20 C.F.R., Subpart P, Appendix 1, § 1.05 C. Plaintiff maintains he has met this requirement; alternatively, he contends the requirements of § 1.05 C can be satisfied in the disjunctive.

■ The ALJ's finding that plaintiff did not meet the requirements of § 1.05 C are well supported by the medical findings indicating a lack of atrophy or muscle weakness required by subsection (2). The reports of Doctors Reiss, Chow, Harter, Hood and Malstrom supported such a finding. Only Doctors Powlan, Dorinson and Burke found atrophy. Plaintiff has alleged that the failure of the doctors relied upon by the ALJ to state actual measurements is fatal to their opinions and indicates their cursory examination or lack of equipment. The record reveals Dr. Powlan was the first to comment upon an atrophy in August 1981. However, Dr. Reiss found both before and after the single examination of Dr. Powlan, that there was no evidence of atrophy or muscle weakness. Subsequently, in October 1981, Dr. Chow also found no muscle atrophy or uncoordination.

In November 1981, Dr. Harter's examination revealed that "the reflexes are normal and there is no atrophy, weakness, or fasciculation." In July 1982, Dr. Hood found no atrophy or weakness (Plaintiff's Exhibit "I" at 2). Finally, in August 1982, Dr. Malstrom found the calf and thigh circumferences equal. Since these facts show that conflicting evidence existed, the ALJ's finding will not be disturbed. *Rhinehart v. Finch*, 438 F.2d at 921.

Plaintiff cites no authority to support a disjunctive reading of the regulation. The language of the provision itself clearly does not support such an interpretation. Section 1.05 C unambiguously requires the combination of the symptoms it describes in parts 1 and 2 and does not provide for alternatives.

Similarly, this court rejects plaintiff's attempt to have § 1.05 C construed by the other sections in Subpart P resulting in a wholesale exchange of terms. Plaintiff argues the equivalence of "significant motor loss" which is required by § 1.05 C(2), and "significant nerve root involvement" based on his interpretation of § 11.00 C. This argument ignores the fact that § 11.00 C pertains to disability from "persistent disorganization of motor function." Plaintiff has not shown such a condition nor do the facts warrant it. Because the sections are dissimilar, provisions of § 11.00 C cannot be imported into § 1.05 C so as to reduce the requirements of significant motor loss to merely showing a neurological component to the injury. The regulations clearly require appropriate motor, sensory and reflex losses in association with muscle weakness in order to establish *per se* disability. 20 C.F.R., Subpart P, Appendix 1, § 1.05 C(2).

The ALJ's denial of disability under Subpart P, Appendix 1 was supported by substantial evidence and must be upheld.

■ Plaintiff next contends that the ALJ failed to properly consider his claim as one satisfying 20 C.F.R. § 404.1562. That section requires a finding of disability where the individual has marginal education, has

been engaged only in arduous unskilled work for 35 years or more, and there is no evidence of subsequent work and no transferable skills for either full or part-time work. Plaintiff completed the 7th grade in Mississippi and a high school program at Berkeley High School. These facts warrant the ALJ's finding of a full high school education. The testing results submitted by plaintiff (Plaintiff's Exhibit "A") after the hearing showing a third grade vocabulary and reading comprehension at the first grade-sixth month level are insufficient to show he lacked the reasoning, arithmetic, and language skills indicative of marginal education.

■ Moreover, this court does not find that plaintiff engaged in arduous work for 35 years or more, a requirement for a finding of *per se* disability pursuant to 20 C.F.R. § 404.1562. Plaintiff was 52 years old at the time of the hearing. He apparently entered the work force in some unknown capacity cutting lumber after the seventh grade. This could establish a work history of the required length. However, his work with Alameda County was as a heavy truck driver, and he also worked part-time as a custodial assistant supervisor. Plaintiff's duties were therefore not exclusively arduous. Section 404.1562 permits a finding of no disability where the work experience shows transferable skills even if they only permit part-time work. Both job descriptions completed by plaintiff show supervisory duties and completion of reports or orders. Even assuming plaintiff had marginal education and the required work history, his work experience demonstrated his skills to do paperwork and supervise other workers and could have been held to be transferable.

The court finds that substantial evidence was prepared to obviate the need for the ALJ to expressly consider § 404.1562.

Of greater concern to the court is plaintiff's contention that the record does not provide substantial evidence to support the ALJ's finding that plaintiff retained the residual functional capacity to do *all* the activities required in light work. Defend-

ant had the burden of proof to show that other substantial work, for which plaintiff was qualified, existed in the national economy. *Thompson v. Schweiker,* 665 F.2d 936, 939 (9th Cir.1982).

The definition of light work in the regulations is:

(b) *Light Work.* Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds ... [A] job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. 20 C.F.R. § 404.1567(b).

■ The ALJ concluded that "the preponderance of the medical evidence fails to disclose neurological deficits or other abnormalities indicative of a condition of such severity as to prevent the performance of a wide range of entry level, unskilled light work." While the ALJ made a specific finding that plaintiff's lifting ability of 25 pounds was greater than the light work requirement of 20 pounds, he did not apply the other definitional requirements nor indicate which portions of the record would support the conclusion that plaintiff had the ability to substantially perform walking, standing, sitting, pushing or pulling activities. *See* 20 C.F.R. § 404.1567(b). Moreover, none of the medical evidence squarely addresses what residual capacity plaintiff had with respect to these requirements. A survey of the record shows: Dr. Harter restricted plaintiff from prolonged standing and walking; Dr. Hood's restriction was to semisedentary work which permits movement at will for sitting or standing and no lifting or constant bending (Plaintiff's Exhibit "I" at 3); Dr. Malstrom's restriction was against lifting over twenty-five pounds, with no stooping, bending, pulling or pushing; Dr. Dorinson precluded plaintiff from heavy work and found slight to moderate pain on prolonged walk-

ing (Plaintiff's Exhibit "K" at 7). These reports do not provide the necessary basis for the conclusion that plaintiff could walk, stand, sit, push or pull consistent with a light work definition. This action is therefore remanded to the Secretary for a determination of plaintiff's residual functional capacity to perform all the requirements of light work in accordance with § 404.-1567(b).

Additional reports (referred to herein as Plaintiff's Exhibits) have been submitted by plaintiff which may prove helpful in this determination. None of the additional medical reports alter this court's conclusion concerning the ALJ's decision on *per se* disability nor do they in and of themselves form sufficient cause for remand. *See Chaney v. Schweiker*, 659 F.2d 676 (5th Cir.1981). However, they may have a bearing on plaintiff's ability to perform a full range of light work, and should be considered by the Secretary in further administrative proceedings.

In light of this description, there is no need to reach plaintiff's further contention that he comes within 20 C.F.R., Subpart P, Appendix 2, rule 201.09. The ALJ's findings on remand will determine the appropriate grid regulation.

Accordingly, for the reasons stated above, the cross-motions for summary judgment are DENIED. This case is REMANDED to the Secretary to apply the definitional requirements of § 404.1567(b) to determine plaintiff's residual functional capacity in a manner not inconsistent with this order.

IT IS SO ORDERED.